**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **IN RE:**<br>**Michael P Bertino**<br>**Kimberly A Bertino**<br><br>**Debtors** | **Case No. 18-34493**<br><br>**Chapter 7**<br><br>**Honorable Deborah L Thorne**<br><br>**Set for August 25, 2026 at 11:00a.m.** |

**NOTICE OF MOTION**

TO: SEE ATTACHED SERVICE LIST:

PLEASE TAKE NOTICE that on August 25, 2026, at 11:00 a.m., I will appear before the Honorable Deborah L Thorne, or any judge sitting in her place, **either** in Courtroom 682 of the Everett McKinley Dirksen United States Courthouse, 219 S. Dearborn Street, Chicago, IL 60604, or electronically as described below, and present the **TRUSTEE'S MOTION TO APPROVE COMPROMISE OF CONTROVERSY PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019, TO EMPLOY AND PAY PROFESSIONAL and LIMIT NOTICE,** a copy of which is attached.

**Important: Only parties and their counsel may appear for presentment of the motion electronically using Zoom for Government. All others must appear in person.**

**To appear by video**, use this link: https://www.zoomgov.com. Then enter the meeting ID.

**To appear by telephone**, call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. Then enter the meeting ID.

**Meeting ID and passcode.** The meeting ID for this hearing is 160 9362 1728, passcode, None. The meeting ID and further information can also be found on Judge Thorne's web page on the court's web site.

**If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without a hearing.

Cindy M. Johnson, not individually but as Chapter 7 Trustee of Michael Bertino and Kimberly Bertino,

/s/ Cindy M. Johnson

Cindy M. Johnson
Chapter 7 Trustee
53 W. Jackson Blvd, Suite 1337
Chicago, IL 60604
(312) 345-1306

## CERTIFICATE OF SERVICE

I, Cindy M. Johnson, an attorney, certify that I served true and correct copies of the foregoing notice and document to which it refers to the persons listed on the attached service list via electronic service on those registered in the CM/ECF system and, for those not listed in the CM/ECF system, at the addresses listed, by placing them in envelopes, properly addressed, with proper postage prepaid, and depositing them in the United States Mail Chute at 53 W. Jackson Blvd, Chicago, Illinois at or before 5:00 p.m. on August 4, 2026.

/s/ Cindy M. Johnson

## SERVICE LIST

Electronic Mail Notice List

- Christina Banyon cbanyon.law@gmail.com
- Cindy M. Johnson cmjtrustee@jnlegal.net, ecf.alert+Johnson@titlexi.com
- Adam G. Brief USTPRegion11.ES.ECF@usdoj.gov
- Seth McCormick seth@harrerlaw.com

**Manual Notice List**

Michael Bertino (deceased)
Kimberly Bertino
2410 Nuclear Drive
Joliet, IL 60431

Michael R. Grieco
Gould Grieco & Hensley PLCC
1 North Franklin, Suite 3500
Chicago, IL 60606

Clark Binkley
Levy Konigsberg
605 Third Ave, 33rd Floor
New York, New York, 10158

Quantum3 Group LLC
as agent for MOMA Trust LLC
PO Box 788
Kirkland, WA 98083-0788

LVNV Funding, LLC
Resurgent Capital Services
PO Box 10587
Greenville, SC 29603-0587

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **IN RE:**<br>**Michel P Bertino**<br>**Kimberly A. Bertino**<br><br>**Debtors.** | **Case No. 18-34493**<br><br>**Chapter 7**<br><br>**Honorable Deborah L Thorne**<br><br>**Set for August 25, 2026 at 11:00 a.m** |

**TRUSTEE'S MOTION TO APPROVE COMPROMISE OF CONTROVERSY PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019, TO HIRE AND PAY PROFESSIONAL, AND LIMIT NOTICE**

Cindy M. Johnson, not individually, but as Trustee of the bankruptcy estate of Michael P. Bertino and Kimberly A. Bertino submits her Motion to Approve Compromise of Controversy Pursuant to Federal Rule of Bankruptcy Procedure 9019 and to Hire and Pay Professional and Limit Notice (the "Motion"), and states:

**Background**

1. Cindy M. Johnson is the Chapter 7 Trustee (the "Trustee") of the above captioned bankruptcy case filed by Michael A. Bertino (hereafter "Michael")and Kimberly A Bertino (hereafter "Kimberly") on December 13, 2018 (hereafter "Petition Date").

2. Trustee initially filed a Report of No Distribution on February 7, 2019 [DKT 17], Michael and Kimberly received their Discharge on March 12, 2019 [DKT 18] and the Case was subsequently closed on March 15, 2019 [DKT 20].

3. On the Petition Date, Michael had a cause of action against the Archdiocese of Joliet, that was not listed on the Schedules or Statement of Financial Affairs.

4. On or about October 9, 2023, Michael engaged Levy Konigberg, LLC (hereafter "Levy") and local counsel Gould, Grieco & Hensley, PLCC (hereafter "GGH") to represent him in his cause of action against the Archdiocese of Joliet.

## **Proposed Settlement**

5 . In or about March 2026 Trustee was contacted by Michael and Kimberly's bankruptcy counsel informing her of a settlement in Michael's undisclosed claim against the Archdiocese of Joliet. A copy of the proposed Settlement Agreement is attached as Exhibit A.

6. The Settlement Agreement specifically requires that the settlement be brought to the attention of this Court and the Trustee either request turnover or abandon the cause of action.

7. On March 24, 2026 [DKT 23] an order reopening this case was entered and on March 25, 2026 [DKT 24] Cindy M. Johnson was reappointed Trustee.

8. Trustee has reviewed the Settlement Agreement and believes that the settlement is in the best interest of creditors and otherwise meets the criteria of Bankruptcy Rule 9019.

9. After payment of Michael's exemption, payment of counsel retained by the estate as requested below, payment of litigation expenses, there will be $57,751.42 available for the estate from the recovery broken down as follows:

| | |
|---|---|
| Gross Settlement | $125,000.00 |
| LESS | |
| Gross Attorney's Fees | $50,00.00 |
| (GGH $20,000) | |
| (Levy $30,000) | |
| Case Costs | $2,248.58 |
| Exemption | $15,000.00 |

10. When considering a motion under Fed. R. Bank. Pro. 9019, a court examines: (1) the probability of success in the litigation; (2) the difficulties, if any, to be encountered in the matter of collection; (3) the complexity of the litigation involved, and the expense and inconvenience in delay necessarily attending it; and (4) the paramount interest of the

creditors and a proper deference to their reasonable views. In re Del Grosso, 106 B.R. 165, 168 (Bankr. N.D. Ill. 1989).

11. The benchmark for determining the propriety of a bankruptcy settlement is whether the settlement is in the best interests of the bankruptcy estate which only requires that the proposed settlement surpass “the lowest point in the range of reasonableness.” In re Artra Group, Inc. 300 B.R. 699, 702 (Bankr. N.D.Ill 2003).

12. This court’s analysis is consistent with that applied by other courts. See In re Media Cent., Inc., 190 B.R. 316 (E.D. Tenn. 1994); Nellis v. Shugrue, 165 B.R. 115 (S.D.N.Y. 1994); In re Lawrence & Erausquin, Inc., 124 B.R. 37 (Bankr. N. D. Ohio 1990) In re Bowman, 181 B.R. 836 (Bankr. D. Md. 1995). In re Drexel Burnham Lambert Group, Inc., 138 B.R. 723 (Bankr. S.D.N.Y. 1992).

13. Accordingly, Trustee asks the Court to approve the settlement of this case pursuant to Federal Rule of Bankruptcy Procedure 9019.

**Employment and Payment of Professional**

14 Trustee is not a mass tort or personal injury attorney capable of negotiating a settlement of Michael’s claims.

15.Trustee was provided a copy of the Contract for Representation signed by Michael and after review has determined that both Levy and GGH are familiar with the area of law required to negotiate the Settlement Agreement. A copy is attached hereto as Exhibit B.

16. Trustee routinely employs personal injury counsel on a 40% contingency basis plus costs and therefore has determined that the Retention Agreement is in line with the Trustee’s routine employment of personal injury counsel.

17. As a direct result of Levy and GGH efforts, the Settlement Agreement was negotiated.

18. Both Levy and GGH are disinterested parties within the meaning of §101(14) of the Bankruptcy Code. In support thereof, the Declarations of Clark Binkley on behalf of Levy and Michael R. Grieco on behalf of GGH are attached hereto as Exhibits C and D.

19. Trustee seeks authorization at this time to Employ and pay Levy $30,000.00 and GGH $20,000.00.

## Request to Limit Notice

20. Trustee has provided 21 days' notice of this Motion to Debtor, Debtor's attorney, all parties entitled to notice who are listed on the CM/ECF service list, the attorneys whom Trustee seeks to employ, and all creditors who have filed claims (as the bar date has passed) pursuant to Rules 2002 and 9019 of the Federal Rules of Bankruptcy Procedure.

21. Since in this Chapter 7 case, more than 90 days has passed since the first date set for the meeting of creditors, this Court has authority to allow notice of this motion to be sent only to the debtor(s) , the United States Trustee, to other parties in interest, and to only creditors who have filed claims in this case (there being no creditors who have the right to an extension to file claims). See, Rule 2002(h) of the Federal Rules of Bankruptcy Procedure.

WHEREFORE, Cindy M. Johnson, trustee, respectfully requests that this Court enter an Order:

a) approving the Settlement Agreement;

b) authorizing Trustee to employ Levy Konigsberg LLP and pay attorneys' fee of $30,000.00

c) authorizing Trustee to employ Gould, Grieco & Hensley, PLCC and pay attorneys' fee of $20,000.00,

d) authorizing Trustee to pay to Levy Konigsberg LLP reimbursement of expenses in the amount of $ 2,248.58,

e) authorizing under the Rule 2002(h) of the Federal Rules of Bankruptcy Procedure that notice of this motion need only to have been sent to debtor(s), the United States Trustee, to other parties in interest, and to only creditors who have filed claims in this case, and finding that the notice that has been sent is, therefore, sufficient;

and

f) granting such other and further relief as this Court may deem just and equitable.

Respectfully submitted,

Cindy M. Johnson, not individually but as Chapter 7 Trustee of Michael P Bertino and Kimberly A. Bertino,

/s/ Cindy M. Johnson
Chapter 7 Trustee

Cindy M. Johnson
Chapter 7 Trustee
53 W. Jackson Bldv, Suite 1337
Chicago, Illinois 60604
(312) 345-1306