**SETTLEMENT AGREEMENT AND GENERAL RELEASE OF ALL CLAIMS**

This Settlement Agreement ("Agreement") is hereby entered into as of the date when the last party executes this Agreement (the "Effective Date") by and between the Roman Catholic Diocese of Joliet, a Trust (the "Diocese"), the Estate of Michael Bertino ("Estate") by Kimberly Bertino ("Bertino"), Independent Representative thereof (collectively the "Parties"), and by Kimberly Bertino individually.

R E C I T A L S

WHEREAS, the Estate alleges that Michael Bertino was sexually abused by Rev. Lawrence Mullins ("Mullins"), who was at all relevant times a cleric of the Diocese, while Bertino was a minor, that the abuse by Mullins resulted in personal and physical injuries to Bertino, and that the Diocese and its agents failed to take reasonable steps to prevent such conduct or are otherwise liable for his injuries;

WHEREAS, prior to his death, Michael Bertino advanced a claim against the Diocese based on these allegations (the "Claim");

WHEREAS, Michael Bertino died on April 13, 2025;

WHEREAS, the Estate has advanced a claim on behalf of Michael Bertino against the Diocese based upon these allegations;

WHEREAS, Kimberly Bertino has been appointed Independent Administrator of the Estate of Michael Bertino, Case No. 25PR383 in the Circuit Court of the Twelfth Judicial Circuit, Will County;

WHEREAS, Michael and Kimberly Bertino filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code on December 13, 2018 (in which the Claims were not originally scheduled) and obtained a discharge on March 12, 2019 (Case No. 18-34493, in the

U.S. Bankruptcy Court for the Northern District of Illinois, Eastern Division, the "Bankruptcy Case");

WHEREAS, the Parties are in agreement that as a result of the commencement of the Bankruptcy Case, the Claims are property of the Estate pursuant to the provisions of Section 11 US.C. §541 of the United States Bankruptcy Code;

WHEREAS, the Diocese denies that it was negligent or that it otherwise caused or is liable for the injuries claimed by Michael Bertino;

WHEREAS, the Parties and each of them believe it is in their respective best interests to compromise these claims and enter into this Agreement;

WHEREAS, having reached this Agreement, the Parties intend that it bring them a sense of finality and a measure of peace, and they will endeavor to comport themselves in a manner that is consistent with that intention;

WHEREAS, the amount paid by the Diocese pursuant to this Agreement is intended to be and is in full and final satisfaction of any and all claims for personal, physical, and psychological injuries that the Estate or Bertino has made or may make against the Diocese, any instrumentality of the Catholic Church (including, but not limited to, the Holy See), and any of their present or former directors, officers, members, clergy, bishops, priests, employees, agents, attorneys, insurers, representatives, predecessors, successors, assigns, affiliates, or volunteers, or against Mullins or his estate;

WHEREAS, all of the Parties hereto are represented by counsel and have had the opportunity to discuss this Agreement with counsel;

WHEREAS, each of the Parties has read this Agreement in its entirety, has had the opportunity to review all aspects of this Agreement with legal counsel, and fully understands all of the Agreement's provisions and their legal and practical effects;

NOW, THEREFORE, in consideration of the foregoing premises and for other good and valuable consideration (the sufficiency of which is hereby acknowledged by each of the Parties), it is hereby covenanted and agreed by and between the Parties hereto as follows:

1. Recitals. The Parties agree that the above Recitals are incorporated into this Agreement.

2. Bankruptcy Court Approval. The Parties agree that this Agreement is expressly conditioned upon and subject to approval by the Bankruptcy Court by the entry of a final, non-appealable order, after notice and hearing in accordance with the provisions of the United States Bankruptcy Code and the Federal Rules of Bankruptcy Procedure ("Bankruptcy Settlement Order").

3. Payment. Within 45 days after 1) the Effective Date and 2) the entry of an Order approval the Agreement by the Will County Circuit Court Judge presiding over the Estate of Michael Bertino, whichever is later, the Diocese shall pay the Estate of Michael Bertino One Hundred Twenty Five Thousand Dollars ($125,000.00) by check made payable to "SGGH Joliet Litigation QSF." This payment is on account of personal physical injury or physical sickness, or emotional injuries resulting from personal physical injury or physical sickness, within the meaning of Section 104(a)(2) of the Internal Revenue Code of 1986, as amended. No portion of the settlement proceeds are paid or shall represent alleged exemplary or punitive damages. The Parties waive the Illinois law concerning the prompt payment of settled claims, 735 ILCS 5/2-2301.

The Bankruptcy Case shall be reopened, and the Estate shall disclose the Claims in a filing in the bankruptcy court. After such filing, the Claims may be administered or abandoned in compliance with applicable law and court rules, and by order of the bankruptcy court. The Parties agree to reasonably cooperate regarding the execution of any additional documents to comply with the orders of the bankruptcy court.

4. Approval by the Will County Circuit Court. This Agreement shall be effective only upon the entry of an Order approving the Agreement by the Will County Circuit Court Judge presiding over the Estate of Michael Bertino, Case No. 25PR383.

The Settlement Amount may be disbursed from the Qualified Settlement Fund and in compliance with the orders of the bankruptcy court after 1) the Claims have been administered or abandoned, 2) upon notice of same to the Defendants, and 3) approval of the Settlement Agreement by the probate court. The Parties agree that under no circumstance shall the Diocese be required to pay any amount other than the Settlement Amount, nor shall the Settlement Amount or any portion thereof be disbursed from the Qualified Settlement Fund except pursuant to and in compliance with the orders of the bankruptcy court and with the approval of the probate court.

5. Complete Release of the Diocese and Mullins. Upon execution of this Agreement, the Estate and Bertino, individually and on behalf of their current and future agents, heirs, representatives, attorneys, successors and assigns hereby completely and unconditionally releases, discharges and waives all claims, damages, causes of action, debts, liabilities, torts, covenants, contracts, agreements, undertakings and other obligations of whatever nature or source, statutory or otherwise, whether known, unknown, recalled, unrecalled or repressed (including, without limitation, any claim for sexual abuse, personal injury, negligence, breach of fiduciary duty, fraud, fraudulent concealment, or fraudulent inducement, and any claim for attorney's fees and costs), arising out of any matter prior to the date of this Agreement, which either the Estate or Bertino has, had or may have against the Diocese, Bishop Ronald Hicks, and any instrumentality of the Catholic Church (including, but not limited to, the Holy See), or their respective present or former directors, officers, members, clergy, bishops, priests, employees, agents, attorneys, insurers, representatives, predecessors, successors, heirs, assigns, affiliates, or volunteers, or against Mullins or his estate (the "Released Parties").

6. Complete Release of All Sexual Abuse Claims. In entering into this Agreement, the Estate and Bertino understand that this Agreement constitutes a complete release of any and all sexual abuse claims that the Estate or Bertino has, whether known, unknown, recalled, unrecalled, or repressed, arising out of any matter prior to the effective date of this agreement, against the Diocese, the Released Parties, and any of their current or former priests, employees, agents, directors, officers, clergy, bishops, volunteers, or any other agent of the Diocese or the Released Parties.

The Estate and Bertino understand that they may not be fully aware of every aspect of their sexual abuse claims against the Diocese, Mullins, or other agents of the Diocese or of the Released parties. The Estate and Bertino further understands that, by entering into this Agreement, they are agreeing to release any and all sexual abuse claims against the Diocese (or any of the Released Parties), based on allegations of sexual abuse against Mullins, or any other priest or personnel of the Diocese, regardless of whether he is currently aware of any such claims. The Estate and Bertino covenant and warrant that they are entering into this Agreement of their own free will, with the assistance of counsel, and are agreeing to release any and all claims of sexual abuse against the Defendant or the Released parties arising out of any matter prior to the effective date of this Agreement.

7. No Assignment. The Estate and Bertino covenants and warrants that they have not assigned or transferred, or purported to assign or transfer, the claims released in this Agreement.

8. Indemnification. The Estate and Bertino agree to indemnify and hold harmless the Diocese and the Released Parties from any actions brought by any third parties purporting to assert claims related to the Estate or Bertino's claims released herein, including, without limitation, any attorneys' fees incurred in defending such claims.

9. Third Party Interests and Liens.

(a) *Medicare Secondary Payor requirements*. The Parties have reasonably considered Medicare's interests, as set forth in 42 U.S.C. 1395y. The Estate and Bertino represents and warrants that Michael Bertino had not received, prior to his death, payment of benefits under the Medicare program or any benefits under the "Social Security Disability Income" program. The Estate and Bertino, and their attorneys, acknowledge the standards set forth in the 42 U.S.C. 1395y, 42 CFR § 411 and the Memoranda issued by the Center for Medicare and Medicaid Services and will abide by these. The Estate and Bertino further agree to hold harmless and indemnify the Diocese from any cause of action related to recovery sought by Medicare, including recovery for past conditional payments or those tendered in the future.

(b) *Statutory liens or claims*. The Estate and Bertino represent and warrant that any sums paid under this Agreement are not subject to any claim, in the nature of subrogation or otherwise, by any government entity or to any other lien or claim by any third party.

10. Intention of the Parties. It is the firm intention of the Parties in entering this Agreement to resolve all matters in dispute between them. From the date of this Agreement, the Parties agree to comport themselves in a manner that is consistent with this intention and move forward in peace.

11. Binding. This Agreement shall be binding upon the Parties hereto and their respective successors in interest, heirs, personal representatives and assigns.

12. No Admission of Wrongdoing. Nothing contained in this Agreement, nor any action taken by any Party in connection with this Agreement, constitutes an admission of wrongdoing or liability on the part of any Party.

13. Additional Documents. The Parties shall execute, acknowledge and deliver to the other Parties such instruments or confirmation or other or further assurance as may be reasonably required to carry out the purposes of this Agreement after the date of the Agreement.

14. Representation by Lawyer. In entering into this Agreement, the Estate and Bertino represent and warrant that they have been represented by counsel of their choice, that they have relied on the legal advice of such counsel, that the terms of this Agreement have been completely read and explained to them by their attorney and that he fully understands and voluntarily accepts these terms on behalf of the Estate and on behalf of Bertino individually. As such, the Parties agree that no party will claim that any ambiguity in this Agreement shall be construed against another party. **The Estate and Bertino understand and acknowledge that this is a full, final, and complete release and settlement of all claims and demands, whether known or unknown, suspected or unsuspected, that the Estate or Bertino have or may have against the Diocese, any instrumentality of the Catholic Church (including, but not limited to, the Holy See) and/or any of their former, current or future agents.**

15. Laws of Illinois. This Agreement shall be construed in accordance with the laws of the State of Illinois, without reference to its choice of law provisions.

16. Severability. Any invalidity, in whole or in part, of any provision of this Agreement shall not affect the validity of any other of its provisions or of the Agreement as a whole.

17. Entire Agreement. This Agreement constitutes the entire agreement between the Parties. This Agreement may be amended only by a written instrument signed by all Parties.

18. Counterparts. This Agreement may be executed in counterparts. A signed copy of this Agreement delivered by facsimile or e-mail is deemed to have the same legal effect as delivery of an original signed copy of this Agreement.

19. Headings. Headings have been inserted for convenience of reference only. They are not intended to affect the meaning or interpretation of this Agreement.

20. Release of Attorney's Lien. In consideration of this Agreement and other good and valuable consideration (the sufficiency of which is hereby acknowledged), Stinar, Gould, Grieco

& Hensley, ("Bertino's Counsel") hereby waive, discharge and release the Diocese, any instrumentality of the Catholic Church, their present or former directors, officers, members, clergy, bishops, priests, employees, agents, attorneys, insurers, representatives, predecessors, successors, assigns, affiliates, volunteers, and Mullins and his estate of and from any and all claims for attorney's fees, by lien or otherwise, for legal services rendered by Bertino's Counsel in connection with this case. The Estate, Bertino and Bertino's Counsel certify that no other person is entitled to any attorney's fees in connection with the above-described matters.

21. Approval of Form and Content of Agreement. Bertino's Counsel has reviewed this Agreement and hereby acknowledge approval of this Agreement as to form and content.

22. No Conditions Precedent. Each of the Parties to this Agreement acknowledges that no conditions precedent and no promise, inducement or agreement not stated herein has been made to them in connection with this Agreement.

23. Tax Consequences. The Estate, Bertino, and their attorneys acknowledge and agree that the Diocese is not responsible for the payment of any federal, state, city or local taxes which might be due and owing from the Estate or Bertino and/or their attorneys as a result of any term contained in this Agreement. The Parties acknowledge that no tax advice has been offered or given by either party, their attorneys, agents, or any other representatives in the course of these negotiations and each party is relying upon the advice of its own tax consultant with regard to any tax consequences that may arise as a result of the execution of this Agreement

24. Integration and Reliance Clause and Amendment. This Agreement constitutes the entire understanding and agreement of the Parties hereto and supersedes any and all other written or oral agreements, representations or understandings. No representations, inducements, promises or agreements, oral or written have been made by the Estate or Bertino, or by the Released Parties or anyone acting on behalf of the Released Parties, which are not contained herein, and any prior

letters of intent, agreement, promises, negotiations, statements or representations not expressly set forth in this Agreement have not been relied upon in any respect and shall be of no force or effect. The Estate and Bertino agree and warrant that in entering into this Agreement, the Estate and Bertino are solely relying upon the information contained in this Agreement and not in reliance upon any other information. No modification, amendment or alteration to this Agreement shall be effective unless in a writing signed by the Parties hereto.

25. Change of Facts; Later Discovered Facts. The Estate and Bertino hereby acknowledges that they or their attorneys may hereafter discover facts different from or in addition to those that they now know or believe to be true, or may hereafter change their opinion as to the meaning or significance of the facts heretofore discovered, or may incur or suffer loss, damage, or injury which is in some way caused by or related to the matters referred to in this Agreement but which are unknown or unanticipated at the time of execution of this Agreement. The Estate and Bertino hereby agree that, in such event, this Agreement shall nevertheless be and remain effective in all respects notwithstanding such different or additional facts or the discovery thereof.

[Signature page follows.]

The Parties have signed this Agreement effective as of the date provided above.

____________________________
Date

____________________________________
Kimberly Bertino, individually and as Independent Administrator of the Estate of Michael Bertino

____________________________
Date

Roman Catholic Diocese of Joliet, a Trust

By:________________________________

Its:________________________________

As to Paragraph 9 (Third Party Interests), Paragraph 20 (Release of Attorney's Lien), and Paragraph 21 (Approval of Form and Content)

________________________________
Date

____________________________________
Michael Grieco
Stinar, Gould, Grieco & Hensley
101 N. Wacker Drive
Chicago, IL 60606