# CONTRACT OF REPRESENTATION

I, Michael Bertino ______________________________, the undersigned client (hereinafter "Client") employ and retain Levy Konigsberg LLP (hereinafter "LK") and any designated co-counsel to represent Client as set forth in this Contract of Representation ("Agreement").

## 1. SCOPE AND PURPOSE OF REPRESENTATION

Client hereby employs and retains LK as my attorneys to represent me with respect to all claims of any nature or kind I may have, including all bankruptcy claims, against any person, partnership, corporation, association, municipalities, governmental agency or authority, for all personal injury, wrongful death, loss of services, loss of property and any and all other claims based on negligence, failure, breach of conduct, other omissions or other misconduct of any kind arising out of the sexual abuse, sexual assault and any other sexually-related mistreatment of Client that occurred by and at:

________________________________________________________.

I hereby give LK the exclusive right to take all legal steps to enforce this claim, including the right to file such lawsuit or claims as it deems appropriate, including the power and authority to file claims on my behalf in any bankruptcy proceeding. By signing this Agreement, I constitute and appoint LK as my attorneys with respect to such claims and I give them full power and authority to do every act which is lawful and which, in their professional judgement, should be done to advance my legitimate interests in regard to such claims. I am not now represented by any other attorney regarding the claims which are the subject of this agreement.

## 2. CONSIDERATION

In consideration of the services rendered and to be rendered by them, the Client hereby agrees to pay LK, and they are authorized to retain out of the monies that may come into their hands, whether recovered by suit, settlement, bankruptcy claim or otherwise: **Forty percent (40%) of the gross sum recovered.**

Percentages shall be computed on the gross sums recovered before deducting taxable costs and disbursements, including expenses for investigative-witness fees, or other services chargeable to the claim or prosecution of the action. LK retains the sole right to take their attorney's fee in cash at the time of settlement or in deferred payments, regardless of the manner in which the Client's recovery is paid.

## 3. AUTHORITY OF LK

Client empowers LK to take all steps in this matter deemed by LK to be advisable for the investigation, handling, filing and prosecution of Client's claims.

4. **ATTORNEYS' FEES**

Client understands that attorneys' fees will be calculated based on the gross amount of settlement, verdict or recovery, and the expenses which have been advanced will be deducted from the net proceeds payable to the client after deduction of the attorneys' fee.

To the extent the provisions of this agreement for payment of attorneys' fees are in conflict with any court orders, applicable law, or code of professional responsibility, which dictates the amount of attorneys' fee that may be recovered, such orders, law or code of professional responsibility shall govern the recovery of attorneys' fees under this Agreement.

**Client understands that there is no guarantee that money will be recovered and, in the event that there is no recovery, Client shall owe no money to LK whatsoever, including attorney's fees, costs and expenses.**

5. **COSTS AND EXPENSES OF LITIGATION**

Client understands that LK will advance all costs and expenses necessarily incurred for the litigation of our claims. Client agrees to reimburse LK for such costs and expenses out of any settlement, verdict or recovery as set forth above.

6. **ASSOCIATE COUNSEL**

Client authorizes LK to associate co-counsel if LK believes that doing so is in Client's best interest, and Client expressly authorizes LK to divide any attorneys' fees that may eventually be earned with any such co-counsel.

Client understands that the amounts of attorneys' fees, which Client pays, will not be increased by the work of any co-counsel associated to assist with the handling of Client's claims, and that such associated co-counsel will be paid by an agreed-upon division of the attorney's fees between LK and co-counsel. We agree that the terms of this Agreement shall apply to any co-counsel that LK may select to work on our case and that the rights and responsibilities of LK as set forth in this Agreement shall include any such co-counsel.

## 7. SETTLEMENT DISCUSSIONS/GROUP SETTLEMENT

Client will have authority to accept or reject any final settlement amount after receiving the advice of our attorneys. Client understands that Client's case may be handled as a part of a larger number of cases for negotiating settlement, conducting discovery and/or trial. Client authorizes LK to settle our case for an amount deemed appropriate by LK, and acceptable to Client, from the total proceeds paid by a defendant to settle a group of cases. Client authorizes LK to disclose the amount of Client's proposed settlement, the nature of Client's damages, and other factors relevant to evaluation of settlement values to other clients whose cases are included in the larger group of settled cases. Client also understands that certain expenses may be incurred in a joint effort to handle groups of cases in a cost-effective manner. Client authorizes LK to prorate expenses among the cases in the group so that each case, including Client's, pays its fair and appropriate share of such expenses.

## 8. DUTIES AND RESPONSIBILITIES OF CLIENT

Client agrees to cooperate with LK and their representatives at all times and to comply with all reasonable requests of LK in the prosecution of this matter on a timely basis. Client agrees to be truthful with LK, to provide whatever information is necessary in a timely and competent manner; to provide LK with any change of address, phone number or business affiliation; and to promptly provide information as to anything that may have any impact on the prosecution of Client's claims.

## 9. TERMINATION OF REPRESENTATION

If LK determines in their sole discretion that there is not a sufficient and/or viable basis to pursue a civil lawsuit, Client understands and agrees that LK shall have the right to terminate this Agreement at any time upon written notice to Client. LK may terminate their representation for any reason based on their professional judgment. Should Client elect to terminate LK prior to the full conclusion of LK's services under this Agreement, Client understands and agrees that LK and any associate counsel will have a claim for costs and expenses of litigation and unpaid attorneys' fees which will become due upon receipt by any successor attorney of any proceeds for any remaining portion of Client's personal injury claim. We understand the obligation for unpaid attorneys' fees will be calculated based on the percentage of work-in-progress completed on the case or claim at the time LK is terminated.

## 10. ARBITRATION

Although we do not anticipate any dispute arising out of the terms of this Agreement, in the event such a dispute should arise, it is agreed between the parties that the less formal and more expeditious process of arbitration, rather than litigation, will be utilized for resolving any

such disputes. It is further agreed that arbitration pursuant to the law of the State of New York shall apply, and that the rules, regulations, and procedures will be governed by the American Arbitration Association.

11. **SEVERANCE CLAUSE**

If any provision of this Agreement is held or deemed to be invalid, the remaining provisions remain valid and enforceable.

12. **ENTIRE AGREEMENT**

This Agreement supersedes all prior oral or written agreements concerning the same subject matter. No oral representations are part of this Agreement. We understand and agree that this Agreement contains the entire agreement between the undersigned and LK.

We certify and acknowledge that we have had the opportunity to read this Agreement. We further state that we have voluntarily entered into this Agreement fully aware of its terms and conditions.

Signed and accepted and agreed on 10 / 09 / 2023.

**Signature**: ______________________

**Printed Name**: Michael Bertino

**Address**: 2410 Nuclear Drive
Joliet IL, 60431

**Phone**: 8157058508

**On Behalf of Levy Konigsberg, LLP ("LK")**

**By:** ______________________

**Printed Name of Attorney**

| | |
|---|---|
| **Title** | 159330 - Michael Bertino - Levy Konigsberg Clergy |
| **File name** | SA - Clergy Retainer.pdf |
| **Document ID** | a0466a6eee16acf0f7f83556dc000154697d136f |
| **Audit trail date format** | MM / DD / YYYY |
| **Status** | ● Signed |

**This document was signed on www.mylegal.cc**

## Document History

| | | |
|---|---|---|
| SENT | **10 / 09 / 2023** 17:27:34 UTC-4 | Sent for signature to Michael Bertino (bertino.michael@gmail.com) from jon@legalconversioncenter.com IP: 52.23.114.53 |
| VIEWED | **10 / 09 / 2023** 17:27:35 UTC-4 | Viewed by Michael Bertino (bertino.michael@gmail.com) IP: 172.59.186.196 |
| SIGNED | **10 / 09 / 2023** 17:28:26 UTC-4 | Signed by Michael Bertino (bertino.michael@gmail.com) IP: 172.59.186.196 |
| COMPLETED | **10 / 09 / 2023** 17:28:26 UTC-4 | The document has been completed. |